| | |
|---|---|
| Attorney(s) | Egert and Trakinski |
| Office Address | Two University Plaza, Suite 508 |
| Town, State, Zip Code | Hackensack, New Jersey 07601 |
| Telephone Number | (201) 342-4750 |
| Attorney(s) for Plaintiff | |

**Superior Court of New Jersey**

| | |
|---|---|
| Essex | COUNTY |
| Civil | DIVISION |

JOHN O'DONNELL, RUTHANN HILLAND, and MICHELE

DE SCISCIOLO

      Plaintiff(s)

Docket No: *ESX-L- 005957-09*

      Vs.

KRAFT FOODS INC., SARA LEE CORPORATION,

CONAGRA FOODS, INC., NATHAN'S FAMOUS, INC., et al

      Defendant(s)

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 7-22-09

*Jennifer Perez*

Jennifer M. Perez,
Acting Clerk of the Superior Court

Name of Defendant to Be Served: Marathon Enterprises,Inc

Address of Defendant to Be Served: *9 SMITH ST*
*ENGLEWOOD NJ 07631*

NOTE: The Case Information Statement is available at http://www.njcourtsonline.com
Revised 7/1/2008, CN 10792

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts.
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Directory of Superior Court Deputy Clerk's Offices
County Lawyer Referral and Legal Services Offices

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Directory of Superior Court Deputy Clerk's Offices
County Lawyer Referral and Legal Services Offices

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Leonard Egert and Amy Trakinski | (201) 342-4750 | ESSEX |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Egert and Trakinski | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| Two University Plaza, Suite 508 Hackensack, NJ 07601 | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| JOHN O'DONNELL, RUTHANN HILLAND, MICHELE DE SCISCIOLO | JOHN O'DONNELL, RUTHANN HILLAND, MICHELE DE SCISCIOLO for themselves and a class of consumers similarly situated, v.KRAFT FOODS INC., SARA LEE CORP., CONAGRA FOODS, INC., et al. |

| CASE TYPE NUMBER (See reverse side for listing) 508 (Consumer Fraud Act) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES  ☒ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE  ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|---|

| WILL AN INTERPRETER BE NEEDED? ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

| ATTORNEY SIGNATURE |
|---|

**SIDE 2**  **CIVIL CASE INFORMATION STATEMENT**
(CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 271 | ACCUTANE |
| 241 | TOBACCO | 272 | BEXTRA/CELEBREX |
| 248 | CIBA GEIGY | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 264 | PPA | 601 | ASBESTOS |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 619 | VIOXX |
| 268 | MANUFACTURED GAS PLANT (MGP) | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☒ Putative Class Action          ☐ Title 59

DANIEL KINBURN (pro hac admission to be sought)
5100 Wisconsin Avenue, NW, Suite 400
Washington, DC  20016
Telephone: (202) 686-2210
Facsimile:  (202) 686-2215

EGERT AND TRAKINSKI
Two University Plaza, Suite 508
Hackensack, New Jersey 07601
(201) 342-4750

SUPERIOR COURT OF THE STATE OF NEW JERSEY
COUNTY OF ESSEX

| | |
|---|---|
| JOHN O'DONNELL, RUTHANN HILLAND, and MICHELE DE SCISCIOLO for themselves and a class of consumers similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS INC., manufacturer of the Oscar Mayer brand; SARA LEE CORPORATION, manufacturer of the Ball Park brand; CONAGRA FOODS, INC., manufacturer of the Hebrew National brand; NATHAN'S FAMOUS, INC., manufacturer of the Nathan's Famous brand; and MARATHON ENTERPRISES, INC., manufacturer of the Sabrett brand,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT** |

Plaintiffs, by their attorneys, as and for their complaint herein, allege as follows:

## INTRODUCTION

1.     This complaint seeks damages for the Named Plaintiffs and an injunction and declaratory relief for the Class, as provided for by the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("The Act"), in order to prevent Defendants from continuing to unlawfully conceal from their customers that consumption of their hot dogs and other processed meat products is a major contributor to the risk of colorectal cancer and other forms of gastrointestinal tract cancer ("GI cancer"). World Cancer Research Fund ("WCRF") and the American Institute for Cancer Research ("AICR") (2007). *Second report on food, nutrition, physical activity and the prevention of cancer: A global perspective* ("WCRF/AICR Second Report") at 116, 123-24, and 128.

2.     Processed meat products are often prepared and/or preserved by curing, smoking, salting, or adding chemical preservatives, such as nitrites. These products include hot dogs, ham, bacon, pastrami, salami, bologna, liverwurst, bratwurst, sausage, luncheon meat, and, depending on the processing, hamburgers and minced meats.

3.     The WCRF/AICR Second Report makes conclusions based on the most comprehensive body of evidence collected regarding the relationship between cancer and food, nutrition, and physical activity. Because numerous studies have repeatedly shown that frequent processed meat consumption is associated with increased risks of colorectal cancer and other forms of cancer, the WCRF/AICR Report recommends avoiding any consumption of processed meat products, such as hot dogs. *WCRF/AICR Second Report* at 382.

4.     Based on 58 independently conducted studies on colorectal cancer and consumption of processed meat, the WCRF/AICR Second Report concluded that substantial evidence shows a dose response relationship between processed meat and colorectal cancer. *Id.* at 116 and 123. Although there are several possible molecular mechanisms linking consumption of processed meats and the development of colorectal cancer, and a single mechanism has not been

determined (just as with cigarettes and lung cancer), the Report concluded that very strong evidence indicates that processed meat is a cause of colorectal cancer. *Id.* at 123.

5.     A number of mechanisms have been proposed and investigated for the positive association of consumption of processed meats and the increased incidence of colorectal and other cancers. For example, processed meat products contain appreciable amounts of known or reasonably anticipated human carcinogens, such as nitrites and *N*-nitroso compounds ("NOCs") like N-nitrosodimethylamine ("NDMA"), many of which do not naturally occur in foods.

6.     NDMA was listed as a human carcinogen by the State of California on October 8, 1987. As of that date, if not sooner, Defendants were on notice that their processed meat products contained a known carcinogen.

7.     In a meta-analysis of many studies, a daily intake of 25 grams of processed meat was associated with a 49% increased risk of colorectal cancer. Outside the field of cancer research and high-level executives in the processed meat industry, the public is generally unaware of the presence of nitrites or NOCs like NDMA in processed meat products.

8.     Defendants knew or should have known that their processed meat products likely contain nitrites or NOCs, which are known and/or reasonably anticipated human carcinogens. Despite this knowledge, Defendants failed to provide this material information to consumers.

9.     Defendants had a duty to warn their customers about the risks associated with consumption of their products.

10.     Upon information and belief, had Defendants truthfully informed consumers that consumption of their processed meat products likely increases a person's risk of developing colorectal and other cancers, many consumers would have avoided purchasing products that cause an increased risk of cancer by instead choosing healthier food products.

11.     Upon information and belief, Defendants chose to conceal information about the known and/or probable carcinogens in their processed meat products to prevent the loss of profits that would occur if properly informed consumers were to choose other food products.

3

12.     In connection with the sale of their processed meat products, Defendants' omission of material facts with the intent to induce consumer reliance violates The Act. *See* N.J.S.A. 56:8-2.

13.     As a matter of efficient judicial administration and practicability, Named Plaintiffs represent a class of consumers, similarly situated, who purchased or will purchase Defendants' processed meat products in New Jersey without receiving warnings or information from Defendants about the increased risk of colorectal and other cancers from consumption of Defendants' processed meat products.

14.     Under The Act, consumers damaged by The Act's violation are entitled to treble damages, reasonable attorneys' fees, filing fees, and reasonable costs of the suit.

15.     As a direct result of Defendants' unlawful and unconscionable consumer practices in violation of The Act, Named Plaintiffs suffered an ascertainable loss, amounting to $900.00, the combined purchase price of Defendants' products. The Named Plaintiffs' damages, trebled under The Act, total $2,700.00, plus attorneys' fees and costs of the suit. No damages other than attorneys' fees and costs of the suit are sought for any unnamed class member.

16.     This action seeks relief through mandatory warning signs or labels that advise consumers that consumption of Defendants' processed meat products may increase a person's risk of developing colorectal and other cancers. The warnings should be prominently included in Defendants' internet and New Jersey based advertisements, as well as on Defendants' websites and retail packages of processed meat products sold in New Jersey. This is the primary relief requested by this action and the only relief requested for the unnamed class members. A suitable warning is as follows:

**WARNING:  CONSUMING  HOT  DOGS  AND  OTHER  PROCESSED MEATS INCREASES THE RISK OF CANCER.**

17.     This action is brought on behalf of Named Plaintiffs and the represented Plaintiff Class, consisting of all consumers who purchased or will purchase Defendants' processed meat products, which were distributed and sold in New Jersey from July 22, 2003 to July 22, 2009,

without being warned of the products' carcinogenic properties. Plaintiffs seek injunctive relief mandating the aforesaid warnings and a declaratory judgment determining Defendants' obligations to provide effective warnings about the increased colorectal and other cancer risks created by ingesting Defendants' processed meat products.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction pursuant to New Jersey Constitution art. VI, § III, para. 2.

19.    This Court has jurisdiction over Defendants because Defendants conduct sufficient business in New Jersey and otherwise have sufficient minimum contacts in New Jersey to render jurisdiction over them by the New Jersey courts that is consistent with traditional notions of fair play and substantial justice.

20.    Venue is also proper pursuant to New Jersey Rules of Court 4:3-2(a) in that the statutory violations and liability arise in part from sales of processed meat products in this county.

## PARTIES

### Named Plaintiffs

21.    Named Plaintiff John O'Donnell residing in Voorhees, Camden County, New Jersey, is an individual, representing a class of persons similarly situated, who purchased and consumed Defendants' processed meat products. From September 1, 2004 through May 11, 2009, Named Plaintiff purchased Oscar Mayer or Ball Park brand hot dogs in the State of New Jersey at a monthly average of 3 to 4 packages during the months of May through September and at a monthly average of 1 to 1.5 packages during the months of October through April. From September 1, 2004 through April 30, 2008, he purchased these hot dogs from ACME-Savon, 501 East Evesham Road, Runnemede, NJ 08078 or ShopRite of Chews Landing, 1200 Chews Landing Road, Laurel Springs, NJ 08021. After May 1, 2008, Named Plaintiff purchased the hot dogs from ACME-Savon, 700 Haddonfield-Berlin Road, Voorhees, NJ 08043 or ShopRite of Berlin, Rt. 73 & Minck Avenue, Berlin, NJ 08009. At the times and locations of purchase, no

warnings about the increased risk of cancer from consumption of these products existed at the place of purchase, on the packaging, or in the advertisements for these products. Thus, Named Plaintiff was denied an opportunity to make an informed decision about the level of risk he was willing to take, to decide not to purchase Defendants' processed meat products based on the associated cancer risk, and to instead purchase healthful products. Named Plaintiff was thus damaged by Defendants' violations of The Act.

22.     Named Plaintiff Ruthann Hilland residing in Westville, Gloucester County, New Jersey, is an individual, representing a class of persons similarly situated, who purchased and consumed Defendants' processed meat products. From approximately May 11, 2004 to May 11, 2009, Named Plaintiff purchased two packages of hot dogs per month in the State of New Jersey for herself and her husband during the summer months and one package per month during the other months. She purchased Hebrew National all-beef hot dogs from BJ's Wholesale Club, 1910 Deptford Center Road, Deptford, NJ 08096 and Oscar Meyer all-beef hot dogs from ShopRite, Brooklawn Shopping Center, Route 130 Browning Road & Kings Highway, Brooklawn, NJ 08030. At the times and locations of purchase, no warnings about the increased risk of cancer from consumption of these products existed at the place of purchase, on the packaging, or in the advertisements for these products. Thus, Named Plaintiff was denied an opportunity to make an informed decision about the level of risk she was willing to take, to decide not to purchase Defendants' processed meat products based on the associated cancer risk, and to instead purchase a healthful product. Named Plaintiff was thus damaged by Defendants' violations of The Act.

23.     Named Plaintiff Michele DeScisciolo residing in Emerson, Bergen County, New Jersey, is an individual, representing a class of persons similarly situated, who purchased and consumed Defendants' processed meat products. Each month from approximately May 11, 2004 to May 11, 2009, Named Plaintiff purchased one package of hot dogs of one of the following brands from ShopRite, 425 Old Hook Rd., Emerson, NJ 07630: Sabrett, Ball Park, Oscar Meyer, or Nathan's. At the times and locations of purchase, no warnings about the increased risk of cancer

6

from consumption of these products existed at the place of purchase, on the packaging, or in the advertisements for these products. Thus, Named Plaintiff was denied an opportunity to make an informed decision about the level of risk she was willing to take, to decide not to purchase Defendants' processed meat products based on the associated cancer risk, and to instead purchase a healthful product. Named Plaintiff was thus damaged by Defendants' violations of The Act.

<u>Class Allegations</u>

24.    Named Plaintiffs bring this suit on behalf of themselves and the Plaintiff Class, which includes all individuals who purchased and consumed or will purchase and consume at least one or more processed meat products from one of Defendants in a New Jersey retail establishment from July 22, 2003 to July 22, 2009, pursuant to New Jersey Rules of Court 4:32-1. Unless this Court provides relief, Defendants will continue to omit warnings from their sales locations, advertisements, and packaging, about the likely presence of known and/or probable carcinogens in Defendants' processed meat products and the associated cancer risk from consumption of these products. Thus, each Plaintiff Class member was and is damaged by Defendants' deliberate decisions to omit material information about their processed meat products in violation of The Act.

25.    Pursuant to New Jersey Rules of Court 4:32-1, Plaintiff Class satisfies the requirements to maintain this suit as a class action:

   a.  Plaintiff Class satisfies New Jersey Rules of Court 4:32-1(a)(1) because the class, consisting of vast numbers of consumers of Defendants' processed meat products, is so numerous that joinder of all members is impracticable;

   b.  Plaintiff Class satisfies the New Jersey Rules of Court 4:32-1(a)(2) because there are common questions of law and fact, including without limitation the following:

      i.  Is the consumption of processed meat products a convincing cause of colorectal and other cancers?

7

    ii.  Do the scientific data show a connection between the consumption of processed meat products and increased cancer risks?

    iii.  Under The Act, do Defendants have a duty to warn about the presence of known and/or probable carcinogens in their processed meat products?

    iv.  Do Defendants intentionally omit information or warnings about the carcinogenic properties of their processed meat products in order to reap the benefit of additional sales?

    v.  Is the injury to the Plaintiff Class sufficient to warrant an injunction?

c. Plaintiff Class satisfies New Jersey Rules of Court 4:32-1(a)(3) because the claims or defenses of the representative party are typical of the claims or defenses of the Class. Specifically, all claims are made under The Act. With respect to the injunctive and declaratory relief sought, there are no claims that other class members could assert that Plaintiffs cannot assert, and there are no defenses that can be asserted against Plaintiffs that could not be asserted against other class members;

d. Plaintiff Class satisfies New Jersey Rules of Court 4:32-1(a)(4) because the representative party will fairly and adequately protect the interests of the Class. This is demonstrated by Named Plaintiffs' motivation to obtain full relief for themselves and for the Class and lack of claims antagonistic to those of the Class; Plaintiffs' well-qualified attorneys, who have considerable experience in bringing class actions; Plaintiffs' shared interests in common with the Class; and the source of Plaintiffs' injuries is the same as that of the entire class; and

e. Plaintiff Class meets one or more of the additional requirements for maintaining a class action under New Jersey Rules of Court 4:32-1(b)(1), (2), or (3). Most relevant is New Jersey Rules of Court 4:32-1(b)(2), whereby the party opposing the class has acted or refused to act on grounds generally applicable to the class, thus making final injunctive relief or corresponding declaratory relief appropriate

8

with respect to the entire class.  In this action, Defendants' omissions of material information necessary for consumers to make well-informed, safe purchases and Defendants' misrepresentations about the quality and healthfulness of their processed meat products apply to the entire class represented.  Injunctive relief is the only relief that can remedy Plaintiff Class' damages and protect the public from Defendants' unlawful and unconscionable conduct.

### The Defendants

26.    Defendant Kraft Foods, Inc., a Virginia corporation authorized to transact business in the State of New Jersey, distributes, sells, and has sold Oscar Mayer hot dogs to consumers through numerous wholesale and/or retail stores and establishments in New Jersey.

27.    Defendant Sara Lee Corp., a Maryland corporation authorized to transact business in the State of New Jersey, distributes, sells, and has sold Ball Park hot dogs to consumers through numerous wholesale and/or retail stores and establishments in New Jersey.

28.    Defendant ConAgra Foods, Inc., a Delaware corporation authorized to transact business in the State of New Jersey, distributes, sells, and has sold Hebrew National hot dogs to consumers through numerous wholesale and/or retail stores and establishments in New Jersey.

29.    Defendant Nathan's Famous, Inc., a Delaware corporation authorized to transact business in the State of New Jersey, distributes, sells, and has sold Nathan's Famous hot dogs to consumers through numerous wholesale and/or retail stores and establishments in New Jersey.

30.    Defendant Marathon Enterprises, Inc., a New Jersey corporation authorized to transact business in the State of New Jersey, distributes, sells, and has sold Sabrett hot dogs to consumers through numerous wholesale and/or retail stores and establishments in New Jersey.

### FACTS

31.    Processed meat products are often prepared and/or preserved by curing, smoking, salting, or adding chemical preservatives, such as nitrites.  These products include hot dogs, ham, bacon,

pastrami, salami, bologna, liverwurst, bratwurst, sausage, luncheon meat, and, depending on the processing, hamburgers and minced meats. See *WCRF/AICR Second Report* at 117; and Ward, M.H. et al. (2007). *Processed meat intake, CYP2A6 activity and risk of colorectal adenoma.* CARCINOGENESIS 28(6): 1210-1216, 1210.

32.     In a meta-analysis of many studies, a daily intake of 25 grams of processed meat was associated with a 49% increased risk of colorectal cancer. See Sandhu, M.S., White, I.R. and McPherson, K. (2001). *Systematic review of the prospective cohort studies on meat consumption and colorectal cancer risk: A meta-analytical approach.* CANCER EPIDEMIOL. BIOMARKERS PREV. 10: 439-446, 439; see also Ward, M.H. et al. (2007) at 1210; and Mirvish, S.S. et al. (2002) at 3526S.

33.     A ten-year study of more than a half-million people concluded that higher consumption of processed meat leads to an overall increased risk of mortality, cancer mortality, and cardiovascular disease mortality. Sinha, R. et al. (2009). *Meat intake and mortality: a prospective study of over half a million people.* ARCH. INTERN. MED. 169(6): 562-571.

34.     Additional evidence suggests that processed meat plays a role in cancers of the esophagus, lung, stomach, and prostate. *WCRF/AICR Second Report* at 123,128; Cross, A.J. et al. (2007) at 1978; and Larsson, S.C., Orsini, N. and Wolk, A. (2006). *Processed meat consumption and stomach cancer risk: a meta-analysis.* J. NATL CANC. INST. 98(15): 1078-1087, 1084.

35.     While several different biological mechanisms have linked the consumption of processed meat products to colorectal and other cancers, without a single mechanism taking precedence, there is overwhelming evidence that consumption of processed meat is a cause of colorectal cancer. This situation is similar to the link between the smoking of tobacco products and lung cancer: while all the molecular events linking the smoking of tobacco to the development of lung cancer are not known, the link cannot be disputed. WCRF/AICR Second Report at 124.

36.     The mechanisms that link colorectal cancer to the consumption of processed meat may involve *N*-nitroso compounds, nitrites, or high levels of salt. *Id.*

37.    Processed meat products contain a variety of chemical components, including nitrites and NOCs such as NDMA.  See Jakszyn, P. et al. (2004).  *Development of a food database of nitrosamines, heterocyclic amines, and polycyclic aromatic hydrocarbons.*  J. NUTR. 134: 2011-2014; Mirvish, S.S. et al. (2002).  *Total N-nitroso compounds and their precursors in hot dogs and in the gastrointestinal tract and feces of rats and mice: possible etiologic agents for colon cancer.*  J. NUTR. 132: 3526S-3529S; Ward, M.H. et al. (2007) at 1210-1216; and *WCRF/AICR Second Report* at 116-124.

38.    NOCs like NDMA, which occur in processed meat products, have been independently identified as known, probable, and possible human carcinogens by the State of California, the International Agency for Research on Cancer ("IARC"), and the U.S. Department of Health and Human Services ("DHHS").  California Environmental Protection Agency, Office of Environmental Health Hazard Assessment ("OEHHA") (2008).  *Chemicals known to the state to cause cancer or reproductive toxicity.* http://www.oehha.ca.gov/prop65/prop65_list/files/singlelist032108.xls (last accessed June 22, 2009); IARC (2007).  *Agents reviewed by the IARC monographs, Vols. 1-98*, 4. http://monographs.iarc.fr/ENG/Classification/Listagentsalphorder.pdf (last accessed June18, 2009); DHHS, Public Health Service, National Toxicology Program (2005).  *Report on Carcinogens, Eleventh Edition.*  http://ntp.niehs.nih.gov/index.cfm?objectid=32BA9724-F1F6-975E-7FCE50709CB4C932 (last accessed June 22, 2009).

39.    Consuming processed meats is associated with increased cancers of the GI tract, which may be caused by increases in exogenous and endogenous exposure to NOCs as a result of the ingestion of processed meat products.  Bingham, S.A. et al. (2002) at 3522S–3525S; and Cross, A.J. et al. (2003).

40.    Consumers of Defendants' processed meat products sold in New Jersey retail establishments are at risk of ingesting nitrites and NOCs like NDMA, which are regularly identified in processed meat products.

11

41.    The cancer risks associated with the consumption of processed meat products, which may be due to chemical components such as nitrites and NOCs like NDMA, among other mechanisms, are well-known in the scientific community that deals with nutrition and cancer.

42.    Defendants are highly sophisticated, national, and global corporations engaged in the processing, production, marketing, and sale of food.

43.    Upon information and belief, Defendants knew or should have known about the carcinogenic dangers of processed meat products that would be revealed through a reasonable review of the scientific data available and through the listing of compounds, including nitrites and NOCs like NDMA, by various government agencies as known or suspected human carcinogens.

44.    Defendants' omissions are material to consumer purchasing decisions.

45.    Defendants' omissions of material facts, in connection with the sales of their processed meat products with the intent to induce consumer reliance upon those omissions, violate The Act. N.J.S.A. 56:8-2.

46.    The Act allows private parties to recover refunds resulting from practices declared unlawful under this Act. N.J.S.A. 56:8-2.11-2.12.

47.    Defendants' failure to provide information or warnings about the likely cancer risk of consuming their products is misleading and false. Consumers assume retail food products will be safe for consumption and free from disease- or illness-producing components. Defendants' omissions about the carcinogenic qualities of their processed meat products create false and misleading product descriptions.

48.    Defendants have failed to provide clear, reasonable, and adequate information and warnings to their wholesale and retail consumers about the risks of consumption of Defendants' processed meat products and associated exposure to known and/or probable carcinogens. Without information for consumers to effectively evaluate the comparative safety and healthfulness of these products, Defendants fail to protect the public against unreasonable risks of injury from their products.

12

49.     The public, outside of the scientific community engaged in cancer research and high-level executives in the processed meat industry, is generally unaware of the presence of nitrites and NOCs like NDMA in processed meat products.

50.     Defendants sell their processed meat products without clear, reasonable, and adequate warnings to wholesale and retail establishments that sell Defendants' products to the public.

51.     The Act grants the Superior Court the ability to enjoin actions deemed by The Act as unlawful. N.J.S.A. 56:8-19.

52.     Named Plaintiffs, bringing this private action on behalf of themselves, Plaintiff Class, and the public, seek to be compensated for damages, to punish the wrongdoers, and to eliminate unconscionable business practices, as was intended by the legislature when creating The Act.

53.     On information and belief, absent action by this Court, Defendants will continue to sell processed meat products without providing clear, reasonable, and adequate warnings or information of the cancer risks associated with processed meat consumption.

54.     Plaintiffs will notify the Attorney General of the filing of this action concurrently with the filing of this complaint.  See N.J.S.A. 56:8-20.

## FIRST COUNT

## VIOLATIONS OF THE CONSUMER FRAUD ACT

55.     Paragraphs 1 through 54 are incorporated herein as if fully set forth.

56.     By committing the acts described above, Defendants have, through the sale of their processed meat products, knowingly and intentionally exposed individuals to the increased risks of colorectal and other cancers.

57.     Despite these known risks, Defendants purposefully omitted information about the cancer risks of their processed meat products.

58.     By intentionally omitting material information about their processed meat products in order to affect sales, Defendants violated The Act. N.J.S.A. 56:8-2.

59.     To adequately comply with the requirements of The Act, Defendants must conspicuously post specific labels or warnings with respect to the cancer risks of their processed meat products offered for sale.

60.     Should this Court fail to act against these violations, the risk of cancer will increase for the general public, as consumers continue to unknowingly choose Defendants' processed meat products.  Moreover, the increased risk of cancer will result in increased healthcare costs to the individual consumers and the public at large.

61.     Pursuant to The Act, this Court is granted the jurisdiction to enjoin actions deemed unlawful.  N.J.S.A. 56:8-19.

62.     Pursuant to The Act, this Court is granted the jurisdiction to issue declaratory relief for the violations set forth herein.  N.J.S.A. 56:8-19.

63.     Pursuant to The Act, this Court is granted the jurisdiction to charge Defendant with liability for treble damages, reasonable cost of the suit, and attorneys' fees.  N.J.S.A. 56:8-19.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a) Determining that this action is a proper class action, designating Named Plaintiffs as Lead Plaintiffs, certifying Named Plaintiffs as class representatives under New Jersey Rules of Court 4:32-1, and designating Plaintiffs' counsel as Lead Counsel;

b) Pursuant to The Act, entering a permanent injunction and any other necessary orders prohibiting Defendants from advertising and selling processed meat products within the State of New Jersey without providing information and warnings about the increased cancer risks incurred by consumption of Defendants' processed meat products;

c) Awarding treble damages in favor of Named Plaintiffs;

d) Entering a declaratory judgment that Defendants violated The Act by selling their processed meat products without warning consumers of the increased risks of developing various forms of cancer;

14

e) Awarding Named Plaintiffs and Plaintiff Class costs of the suit and reasonable attorneys' fees; and

f) Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Named Plaintiffs, upon information and belief, are not aware of any pending or contemplated action related to this action currently ongoing in New Jersey. Further, upon information and belief, they are not aware of any other party who should be joined in this action.

_____
Plaintiff's Counsel

15

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Daniel Kinburn is hereby designated as trial counsel in this matter.

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A., 56:8-20, Plaintiff is mailing a copy of this Complaint and Demand

to the Office of Attorney General, Trenton, New Jersey, within (10) days of the filing of this

Complaint and Jury Demand.

_____
Plaintiffs' Counsel

Dated:  July 22, 2009

_____
Leonard Egert
Amy Trakinski
**EGERT & TRAKINSKI**
Two University Plaza, Suite 508
Hackensack, NJ 07601
(201) 342-4750

_____
Daniel Kinburn
**THE CANCER PROJECT**
5100 Wisconsin Avenue, NW, Suite 400
Washington, DC 20016
(202) 686-2210
(202) 686-2155 (fax)

16