UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JOHN O'DONNELL, RUTHANN HILLAND, AND MICHELE DE SCISCIOLO, for themselves and a class of consumers similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>KRAFT FOODS INC., SARA LEE CORPORATION, CONAGRA FOODS, INC., NATHAN'S FAMOUS, INC., and MARATHON ENTERPRISES, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. _____<br>(Case No. ESX-L-005957-09,<br>Superior Court of the State of New Jersey, County of Essex) |

## DECLARATION PURSUANT TO 28 U.S.C. § 1746

I, Robin M. Vogel, declare as follows:

1.　　I am employed by Sara Lee Corporation ("Sara Lee") as Vice President, Procurement Operations. I have been employed with Sara Lee for a total of 14 years and in the capacity of Vice President for the past 4 years and as such I have personal knowledge of the facts set forth herein.

2.　　As Vice President of Sara Lee's Procurement Operations, I am familiar with the costs associated with purchasing and labeling for all of Sara Lee Corporation's processed meat products.

3.　　Sara Lee produces, markets, distributes and/or sells nationally over 400 products that would be affected by the injunctive relief sought by the Plaintiffs.

4.　　It is my understanding that a lawsuit was filed by three New Jersey residents for themselves and on behalf of a class of similarly situated consumers

("Plaintiffs") against Sara Lee and other processed meat manufacturers ("Defendants") in the Superior Court for the State of New Jersey, County of Essex (Case No. ESX-L-005957-09). My understanding is that Plaintiffs have defined the term "processed meat products" to include "hot dogs, ham, bacon, pastrami, salami, bologna, liverwurst, bratwurst, sausage, luncheon meat, and, depending on the processing, hamburgers and minced meat."

5. It is my understanding that, if Plaintiffs succeed in their lawsuit, Sara Lee could be prohibited from advertising and selling processed meat products in the State of New Jersey unless those products contained information and warnings—at sales locations, in advertisements, and on packaging—about the alleged cancer risks associated with processed meats.

6. Based on the most recent information available to me, a reasonable estimate of the cost for Sara Lee to implement a nationwide change to the labeling of its processed meat products, as well as those products that include a processed meat product—to include the warnings requested by the Plaintiffs in this case—totals approximately $6,257,450. That estimate includes (1) necessary changes to the graphics on packaging components for Sara Lee's processed meat products, including printed films, folding cartons, labels/cardstocks, casings and paper bags, and corrugated materials (approximately $977,450.00) and (2) nationwide removal and disposal of existing packaging materials for Sara Lee's processed meat products from the marketplace (approximately $5,280,000).

7. At this time, I cannot determine whether Sara Lee's distribution systems could be configured in order to produce and deliver processed meat products with the

proposed warning only to the State of New Jersey. I anticipate that any savings to the costs set forth above from such a limitation would be off-set, at least in part, by the increased management, manufacturing, and logistical costs necessary to assure that only appropriately labeled processed meat products would be made available in the State of New Jersey. I am unable at this time to provide an estimate of the costs for such measures.

8. If Plaintiffs succeed in obtaining the injunctive relief requested in their lawsuit, Sara Lee would have to take a number of other costly measures to assure that its processed meat products are marketed, sold and/or distributed with the appropriate warnings. Those additional measures include, but are not limited to, changing current and planned advertisements and promotions, including changes to the various websites for each of Sara Lee's processed meat brands and products; and revising in-store and point of sale advertisements and promotional materials. I cannot determine at this time whether Sara Lee would be able to implement those additional measures only in the State of New Jersey or if nationwide implementation would be required. I am unable at this time to provide an estimate of the costs for implementing such measures.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 27, 2009, by

Robin M. Vogel
Vice President, Procurement Operations
Sara Lee Corporation