IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------- X
JOHN O'DONNELL, RUTHANN HILLAND, :
and MICHELE DE SCISCIOLO, for :
themselves and a class of consumers similarly :
situated, :
: Case No. _____
        Plaintiffs, :
:
  -against- : (Case No. ESX-L-005957-09, Superior Court
: of the State of Jersey, County of Essex)
KRAFT FOOD INC., SARA LEE :
CORPORATION, CONAGRA FOODS, INC., :
NATHAN'S FAMOUS, INC., and :
MARATHON ENTERPRISES, INC., : **DECLARATION OF ERIC GATOFF**
:
        Defendants. :
------------------------------------- X

STATE OF NEW YORK      )
                               : ss.:
COUNTY OF NASSAU     )

    I, ERIC GATOFF, declare, under penalty of perjury, as follows:

    1.    I am Director and Chief Executive Officer of Nathan's Famous, Inc. ("Nathan's"). In my position, I am familiar with all aspects of Nathan's operations, including the marketing, sales, distribution, packaging, and advertising of Nathan's products. I make this declaration in support of Defendants' Joint Notice of Removal.

    2.    The following facts are derived from my personal knowledge and from my personal review of relevant business data used in the regular course of Nathan's business.

    3.    Nathan's product portfolio includes approximately twenty-seven product varieties of hot dogs and other products that would meet the definition of "processed meat" as set forth in the complaint.

4.      Nathan's products are sold through several different distribution channels, including quick-service restaurants, foodservice locations, and retail outlets such as supermarkets and other grocery-type outlets. Nathan's restaurant system includes over 260 units located in 25 states, Nathan's foodservice program has approximately 13,000 participating foodservice locations throughout 50 states and the District of Columbia, and Nathan's packaged hot dogs and other products are offered for sale in approximately 31,000 supermarkets and club stores in 39 states.

5.      My understanding is that the complaint seeks to prohibit Nathan's and other companies from advertising or selling "processed meat" products in New Jersey without providing certain information and warnings. If Nathan's were required to comply with the injunctive relief sought in the complaint, Nathan's would incur sizeable costs.

6.      I estimate that the cost to design and implement new labeling for Nathan's products would be approximately $81,000. In addition, the loss for already printed labeling currently in inventory would total approximately $500,000. This estimate is based on the assumption that the labeling changes would be made for all Nathan's products, not just those that would be distributed for sale in New Jersey, as the expenses that would be required for Nathan's to implement New Jersey-only labeling would exceed the costs necessary to implement new labels for all products.

7.      I estimate that the cost to create and install new in-store notices for Nathan's foodservice and restaurant locations in New Jersey would total approximately $343,000.

8.      I estimate that it would take approximately eight weeks for new labeling to be designed and created. Not only would Nathan's suffer lost sales during this period, the manufacturing facility that produces its processed meats would have to be idled while waiting for the new labeling to come on line,

incurring fixed plant expenses and additional expenses for furloughed plant personnel. I have not attempted to quantify these costs, but I believe they would be significant.

9.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2009

_____
Eric Gatoff

3