UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| JOHN O'DONNELL, RUTHANN HILLAND, AND MICHELE DE SCISCIOLO, for themselves and a class of consumers similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>KRAFT FOOD INC., SARA LEE CORPORATION, CONAGRA FOODS, INC., NATHAN'S FAMOUS, INC., and MARATHON ENTERPRISES, INC.,<br><br>       Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br>(Case No. ESX-L-005957-09, Superior Court of the State of New Jersey, County of Essex)<br><br>**AFFIDAVIT OF BOYD G. ADELMAN** |

STATE OF NEW JERSEY    )
                                            ) ss.:
COUNTY OF BERGEN       )

I, BOYD G. ADELMAN, being duly sworn, deposes and says:

1. I am the President of Marathon Enterprises, Inc. ("Marathon"). I am familiar with the operations of Marathon. As such, I make this affidavit based upon my personal knowledge.

2. Marathon was served with the complaint on August 3, 2009.

3. Marathon is organized under the laws of the state of New Jersey and has its corporate offices in the state of New Jersey.

4. Marathon is regionally focused and sells its signature hot dogs through the Sabrett brand.

5. My understanding is that the complaint seeks to enjoin Marathon from advertising or selling processed meat products within the state of New Jersey without certain

warnings and labeling changes. The complaint also "seeks relief through mandatory warning signs or labels" regarding Marathon's products and requests that the "warnings should be prominently included in Defendants' internet and New Jersey based advertisements, as well as on Defendants' websites and retail packages of processed meat products sold in New Jersey."

6. Marathon's processed meat products are manufactured, packaged, and labeled in a plant located in New York. This plant supplies processed meat products to customers for sale in states other than New Jersey. Because the products distributed for sale in New Jersey and other states from these plants are produced on the same production lines, any mandated change in the labeling of products to be sold in New Jersey would likely necessitate that Marathon implement the same change in the labeling of all products produced from that same line, regardless of the product's ultimate destination, or that Marathon create separate production lines for product to be sent to New Jersey and product to be sent to other states, or take other steps to comply with any injunction issued by this court.

7. If injunctive relief were ultimately ordered, Marathon would be required to make artwork and design changes for 20 different labels costing approximately $20,000.

8. If injunctive relief were ultimately ordered, Marathon would also incur significant printing costs for new labels. Printing of new labels to comply with a label change would cost approximately $65,000.

9. If injunctive relief were ultimately ordered, Marathon would also be forced to absorb costs associated with gaining approval from regulatory agencies. Marathon estimates this cost to be $5,000.

10. If injunctive relief were ultimately ordered requires immediate implementation of labeling changes, retailers in New Jersey would need to remove current Marathon processed

meat products from their shelves at Marathon's expense and Marathon would need to prevent any further distribution of such products to its customers for sale in New Jersey. Marathon estimates the costs of compliance in New Jersey to be at least $500,000. If forced to do this nationally, then the estimated cost would be at least $2,000,000.

11. If injunctive relief were ultimately ordered, Marathon would also incur costs related to changes to advertising in New Jersey and on their websites. These costs are estimated to be $100,000.

12. If injunctive relief were ultimately ordered, Marathon would be forced to incur a number of other costs associated with potentially packaging and advertising differently in New Jersey than in other areas of the country, these costs are estimated to be $100,000 annually.

13. If injunctive relief were ultimately ordered, Marathon would be forced to create a special new inventory management system including special transportation infrastructure for New Jersey-only labeled products. Marathon estimates that the cost for this would be in excess of approximately $100,000 annually.

_____
Boyd G. Adelman

Sworn to before me this
27th day of August 2009

_____
Notary Public
BRUCE DALESSIO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Oct. 28, 2009